Exhibit 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS RESTAURANT ASSOCIATION, HOSPITALITYMAINE, NEW HAMPSHIRE LODGING & RESTAURANT ASSOCIATION, RHODE ISLAND HOSPITALITY ASSOCIATION, RESTAURANT LAW CENTER, and the NATIONAL PORK PRODUCERS COUNCIL,<br><br>    Plaintiffs,<br><br> v.<br><br>MAURA HEALEY, in her Official Capacity as the Attorney General of Massachusetts, and JOHN LEBEAUX, in his Official Capacity as Commissioner of the Massachusetts Department of Agricultural Resources,<br><br>    Defendants. | Civil Action No. _____ |

## DECLARATION OF ANGELO AMADOR
## IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

I, Angelo Amador, hereby declare as follows:

1. I am providing this declaration, based upon my personal knowledge, in support of the Motion for Preliminary Injunction filed by the Massachusetts Restaurant Association, HospitalityMaine, New Hampshire Lodging & Restaurant Association, Rhode Island Hospitality Association, Restaurant Law Center, and the National Pork Producers Council (collectively, "Plaintiffs") in the above-captioned matter.

2. I serve as the Executive Director of the Restaurant Law Center ("RLC").

1. RLC is a national nonprofit trade group that serves as the voice of America's restaurants in the courtroom advancing the policy interests of the industry. It is an independent public policy organization affiliated with the National Restaurant Association, the largest foodservice trade association in the world.

2. RLC does not have any parent corporation, and no publicly held corporation owns 10% or more of RLC.

3. I have reviewed M.G.L. c. 129 App. §§ 1-3(C), 1-6, 940 CMR § 35.04(1)(c) and the official guidance interpreting same[1] (the "Pork Rules") as well as the accompanying Declaration of Casey Gallimore.

4. RLC's members in Massachusetts will be irreparably harmed if abruptly forced to stop offering conventionally raised pork on August 15, 2022. They will suffer lost sales, lost relationships with existing vendors, and lost customers.

5. RLC's members in New Hampshire, Maine, Rhode Island, and Vermont will be irreparably harmed if abruptly forced to stop offering conventionally raised pork distributed through Massachusetts on August 15, 2022. They will suffer lost sales, lost relationships with existing vendors, and lost customers.

6. RLC's members in Massachusetts, New Hampshire, Maine, Rhode Island, and Vermont will suffer further irreparable harm if, as Ms. Gallimore predicts, there will not be enough pork compliant with the Pork Rules to satisfy market demand through the end of 2022. This will result in additional lost sales, lost relationships with existing vendors, and lost customers.

---

[1] "33 CMR 35.00 – FAQ," Mass. Dept. of Agricultural Resources, July 11, 2022 (available at https://tinyurl.com/2tkyw54p) (last accessed August 1, 2022).

7. RLC members in California reported to me that when a similar law, prior to being suspended by order of the California Superior Court, went into effect they experienced significant supply chain issues, over and above the supply chain issues they were already experiencing. Their vendors advised of continuous shortages and significant price increases with reports that it was particularly devastating to single unit operators and breakfast concepts, common small family-owned businesses.

8. Based on my members' experience and the issues that resulted at the initial implementation stages in California, the Massachusetts August 15, 2022, implementation deadline is particularly problematic.

In accordance with 28 U.S.C. § 1746(1), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 2, 2022

_____
Angelo Amador