Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS RESTAURANT ASSOCIATION, HOSPITALITYMAINE, NEW HAMPSHIRE LODGING & RESTAURANT ASSOCIATION, RHODE ISLAND HOSPITALITY ASSOCIATION, RESTAURANT LAW CENTER, and the NATIONAL PORK PRODUCERS COUNCIL,<br><br>    Plaintiffs,<br><br> v.<br><br>MAURA HEALEY, in her Official Capacity as the Attorney General of Massachusetts, and JOHN LEBEAUX, in his Official Capacity as Commissioner of the Massachusetts Department of Agricultural Resources,<br><br>    Defendants. | Civil Action No. _____ |

**DECLARATION OF STEVE CLARK
IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Steve Clark, hereby declare as follows:

1. I am providing this declaration, based upon my personal knowledge, in support of the Motion for Preliminary Injunction filed by the Massachusetts Restaurant Association, HospitalityMaine, New Hampshire Lodging & Restaurant Association, Rhode Island Hospitality Association, Restaurant Law Center, and the National Pork Producers Council (collectively, "Plaintiffs") in the above-captioned matter.

2. I serve as the President and Chief Executive Officer of the Massachusetts Restaurant Association ("MRA").

3. MRA is a nonprofit trade group founded in 1934 representing approximately 1,800 members encompassing 5,500 restaurants, caterers, and foodservice companies that do business in Massachusetts. One out of every ten employees in the state is employed directly in, or in support of, the restaurant industry. The MRA serves as the voice and advocate of the state's restaurant and hospitality industry.

4. The MRA advocacy work includes getting involved in litigation, such as this one, on issues that may have dire consequences for the industry in Massachusetts.

5. MRA does not have any parent corporation, and no publicly held corporation owns 10% or more of the MRA.

6. I have reviewed M.G.L. c. 129 App. §§ 1-3(C), 1-6, 940 CMR § 35.04(1)(c) and the official guidance interpreting same[1] (the "Pork Rules") as well as the accompanying Declaration of Casey Gallimore.

7. MRA's members will be irreparably harmed if abruptly forced to stop offering conventionally raised pork for sale in Massachusetts on August 15, 2022. They will suffer lost sales, lost relationships with existing vendors, and lost customers.

8. MRA's members will suffer additional irreparable harm if, as Ms. Gallimore predicts, there will not be enough pork compliant with the Pork Rules to satisfy market demand through the end of 2022 if the Pork Rules go into effect on August 15, 2022. This will result in additional lost sales, lost relationships with existing vendors, and lost customers.

---

[1] "33 CMR 35.00 – FAQ," Mass. Dept. of Agricultural Resources, July 11, 2022 (available at https://tinyurl.com/2tkyw54p) (last accessed August 1, 2022).

In accordance with 28 U.S.C. § 1746(1), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 2, 2022

*[signature]*

Steve Clark