# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS RESTAURANT ASSOCIATION, HOSPITALITYMAINE, NEW HAMPSHIRE LODGING & RESTAURANT ASSOCIATION, RHODE ISLAND HOSPITALITY ASSOCIATION, RESTAURANT LAW CENTER, and the NATIONAL PORK PRODUCERS COUNCIL,<br><br>    Plaintiffs,<br><br>  v.<br><br>MAURA HEALEY, in her Official Capacity as the Attorney General of Massachusetts, and JOHN LEBEAUX, in his Official Capacity as Commissioner of the Massachusetts Department of Agricultural Resources,<br><br>    Defendants. | Civil Action No. 4:22-cv-11245-MLW |

## STIPULATION AND JOINT MOTION TO STAY

Plaintiffs Massachusetts Restaurant Association, HospitalityMaine, New Hampshire Lodging & Restaurant Association, Rhode Island Hospitality Association, Restaurant Law Center, and the National Pork Producers Council ("Plaintiffs") and defendants Maura Healey, in her Official Capacity as the Attorney General of Massachusetts, and John Lebeaux, in his Official Capacity as Commissioner of the Massachusetts Department of Agricultural Resources ("Defendants") (collectively, "Parties") respectfully submit this Stipulation and Joint Motion to Stay. Dkt. 14, ¶ 2. As grounds for this Motion, the Parties state as follows:

(1)     Through this lawsuit, Plaintiffs seek a declaration that M.G.L. c. 129 App. § 1-3(C), 330 CMR § 35.04(1)(c), and the official guidance interpreting same (the "Pork Sale Rules") violate the dormant Commerce Clause of the Constitution of the United States.  Dkt. 1.

(2)     The Supreme Court is currently reviewing a constitutional challenge to a similar California law that raises many of the same issues that are raised in this case.  *National Pork Producers Council v. Ross*, 6 F.4th 1021 (9th Cir. 2021), *cert granted*, 142 S. Ct. 1413 (2022) (Docket No. 21-468) ("*NPPC Appeal*").

(3)     Plaintiffs have filed an Emergency Motion for Preliminary Injunction seeking an order that would prevent the Defendants from enforcing the Pork Sale Rules, which are scheduled to take effect on August 15, 2022.  Dkt. 3.  That motion is currently pending.

(4)     The Supreme Court is expected to issue its decision in the *NPPC Appeal* sometime between December, 2022 and the end of the Supreme Court's term in June, 2023.

(5)     On August 4, 2022, the Court entered an order requiring the Parties to confer and "report whether they have reached an agreement that obviates the need for a hearing on or before August 15, 2022 on the Motion for Preliminary Injunction, including a possible agreement to stay this case until the Supreme Court decides [the *NPPC Appeal*]."  Dkt. 10, ¶ 1.

(6)     The Parties disagree on the merits of this lawsuit, the *NPPC Appeal*, and the pending Motion for Preliminary Injunction.

(7)     The Parties do, however, agree that the Supreme Court's decision in the *NPPC Appeal* may generate controlling law that will substantially clarify, if not govern in whole or in part, the legal issues in this action.

(8) Thus, in order to conserve scarce judicial and public resources, the Parties agree that this case should be stayed while the *NPPC Appeal* is pending and for thirty (30) days from the issuance of the Supreme Court's final decision in that matter (the "Stay Period").

(9) Defendants agree that they will not enforce the Pork Sale Rules against any Plaintiff or non-party during the Stay Period.

(10) Defendants further agree that they will not enforce the Pork Sale Rules against any Plaintiff or non-party for any conduct that occurs during the Stay Period.

(11) The Parties agree that they will jointly confer within ten (10) days of the Supreme Court's final ruling in the *NPPC Appeal* and advise the Court within twenty (20) days of the Supreme Court's final ruling in the *NPPC Appeal* and propose a plan for future proceedings, if any.

(12) Nothing in this stipulation and joint motion shall be construed as an admission concerning the merits of this lawsuit. The Parties reserve all claims and defenses.

WHEREFORE, the Parties jointly request that the Court stay this action until 30 days after the issuance Supreme Court's decision on in the *NPPC Appeal*, by which time the Parties will file a proposal for future proceedings in the case, if any.

**STIPULATED and AGREED this 10th day of August, 2022.**

Respectfully submitted,

**ALL PLAINTIFFS,**

by their counsel,

*/s/ Robert M. Shaw*
Jeremy M. Sternberg, BBO No. 556566
Robert M. Shaw, BBO No. 669664
HOLLAND & KNIGHT LLP
10 St. James Ave.
Boston, MA 02116
617-523-2700
*jeremy.sternberg@hklaw.com*
*robert.shaw@hklaw.com*

Charles E. Borden*
HOLLAND & KNIGHT LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
202-469-5461
*charles.borden@hklaw.com*
*Motion for admission *pro hac vice* forthcoming.

Respectfully submitted,

**PLAINTIFF NATIONAL PORK PRODUCERS COUNCIL,**

by its counsel,

*/s/ Michael C. Formica*
Michael C. Formica*
NATIONAL PORK PRODUCERS COUNCIL
122 C Street, N.W. Suite 875
Washington, DC 20001
202-347-3600
*formicam@nppc.org*
*Motion for admission *pro hac vice* forthcoming.

**PLAINTIFF RESTAURANT LAW CENTER**,

by its counsel,

*/s/ Angelo I. Amador*
Angelo I. Amador*
RESTAURANT LAW CENTER
2055 L Street, N.W., Suite 700
Washington, DC 20036
202-331-5913
*aamador@restaurant.org*
*Motion for admission *pro hac vice* forthcoming.

**DEFENDANTS MAURA HEALEY, in her Official Capacity as the Attorney General of Massachusetts, and**

**JOHN LEBEAUX, in his Official Capacity as Commissioner of the Massachusetts Department of Agricultural Resources**

by their counsel,


 */s/ Maryanne Reynolds*
Maryanne Reynolds, BBO #627127
Assistant Attorney General
Office of the Attorney General
Government Bureau
10 Mechanic Street, Suite 301
Worcester, MA 01608
(774) 214-4407
*maryanne.reynolds@mass.gov*

Grace Gohlke, BBO No. 704218
Assistant Attorney General
Office of the Attorney General
Government Bureau
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2527
*grace.gohlke@mass.gov*


**SO ORDERED,**

_____
Mark L. Wolf
United States District Judge

Date: _____

5

**CERTIFICATE OF SERVICE**

    I hereby certify that today, August 10, 2022, I caused a true copy of the foregoing to be filed through the Court's ECF system, which will serve counsel for the Defendants by e-mail.

                                                  */s/ Robert M. Shaw*
                                                  Robert M. Shaw