## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS RESTAURANT ASSOCIATION, HOSPITALITYMAINE, NEW HAMPSHIRE LODGING & RESTAURANT ASSOCIATION, RHODE ISLAND HOSPITALITY ASSOCIATION, RESTAURANT LAW CENTER, and the NATIONAL PORK PRODUCERS COUNCIL,<br><br>    Plaintiffs,<br><br>  v.<br><br>ANDREA JOY CAMPBELL, in her Official Capacity as the Attorney General of Massachusetts, and ASHLEY E. RANDLE, in her Official Capacity as Commissioner of the Massachusetts Department of Agricultural Resources,<br><br>    Defendants. | Civil Action No. 4:22-cv-11245-MRG |

## JOINT MOTION TO FURTHER EXTEND
## STAY PENDING REGULATORY PROCESS

Plaintiffs Massachusetts Restaurant Association, HospitalityMaine, New Hampshire Lodging & Restaurant Association, Rhode Island Hospitality Association, Restaurant Law Center, and the National Pork Producers Council ("Plaintiffs"), and defendants Andrea Joy Campbell, in her Official Capacity as the Attorney General of Massachusetts, and Ashley E. Randle, in her Official Capacity as Commissioner of the Massachusetts Department of Agricultural Resources ("Defendants") (collectively, "Parties"), respectfully submit this Joint Motion to Further Extend the Stay entered on August 7, 2023 and thereafter extended by mutual agreement of the parties and by order of the Court, most recently, until November 10, 2025.

As background to this Motion, the Parties state as follows:

(1)    On August 3, 2022, Plaintiffs filed the Complaint in this matter seeking a declaration that Mass. G.L. c. 129 App. § 1-3(C), 330 Code Mass. Reg. § 35.04(1)(c), and the official guidance interpreting same (the "Pork Sale Rules") violate the dormant Commerce Clause of the Constitution of the United States.  Dkt. No. 1.

(2)    Also on August 3, 2022, Plaintiffs filed an Emergency Motion for Preliminary Injunction, which has since been withdrawn without prejudice.  Dkt. Nos. 3, 21, 23.

(3)    On August 10, 2022, the Parties moved to stay this case until 30 days after a final decision by the Supreme Court in a constitutional challenge to a similar California law that raised many of the same issues that were raised in this Complaint.  *See National Pork Producers Council v. Ross*, 143 S.Ct. 1142 (May 11, 2023) ("*Ross*").  The Defendants also agreed to stay enforcement of the Pork Sale Rules against any Plaintiff or non-party during this "Stay Period" and agreed not to enforce the Pork Sale Rules against any Plaintiff or non-party for any conduct that occurred during the Stay Period.

(4)    The Supreme Court's decision in *Ross* upholding California's law became final on June 12, 2023, when the mandate issued to the Ninth Circuit.

(5)    At the request of the parties and by order of the Court, the Stay Period was extended until August 23, 2023.  Dkt. Nos. 19 & 20.

(6)    On August 4, 2023, the Parties filed a joint motion and stipulation (Dkt. No. 21) noting that the Massachusetts Department of Agricultural Resources ("MDAR") was in the process of proposing amendments to the regulations at 330 Code Mass. Reg. § 35.00 that would, if finalized, address the status of "Whole Pork Meat" that is produced outside of Massachusetts and that enters and exits Massachusetts without additional processing or repackaging,

exclusively for the purposes of transshipment or export outside of Massachusetts. Whole Pork Meat meeting these criteria is referred to herein as "Transshipped Whole Pork Meat." The Parties acknowledged that Defendant MDAR is required to comply with Mass. G.L. c. 30A when proposing any amendment to its regulations.

(7)     The Parties agreed that the Pork Sale Rules, but for those pertaining to Transshipped Whole Pork Meat, would go into effect on August 24, 2023. Insofar as the Pork Sales Rules pertain to Transshipped Whole Pork Meat, the Parties requested that those rules be stayed until 60 days after the date of publication of the amended regulations in the Massachusetts Register in accordance with Mass. G.L. c. 30A but in no event longer than one year from the date of the Court's approval of the Stipulation. *See* August 4, 2023 Joint Stipulation and Motion (Dkt. 21). This period of time is referred to as the "Regulatory Stay Period."[1]

(8)     The Court approved the parties' August 4, 2023 Joint Stipulation and Motion on August 7, 2023. Dkt. 22. The Parties filed status reports and joint motions to extend the stay on February 7, 2024, August 2, 2024, and February 27, 2025. On May 9, 2025, the Court granted the February 27, 2025 joint motion to extend the stay.

(9)     Since the Court's order on August 7, 2023, MDAR has continued the process of proposing amendments to the regulations at 330 Code Mass. Reg. § 35.00 that would address the status of Transshipped Whole Pork Meat. That process was delayed, however, by a constitutional challenge to the underlying statute brought by a non-party to the instant action. On October 3, 2025, the First Circuit issued a decision in favor of the state in that case. *Triumph Foods, LLC v. Campbell,* No. 24-1759, --- F.4th ---, 2025 WL 2814718, at *2 (1st Cir. Oct. 3, 2025). Now that

---

[1] To be clear, the Regulatory Stay Period applied only to Transshipped Whole Pork Meat. The Pork Sale Rules, except as to Transshipped Whole Pork Meat, did go into effect on August 24, 2023.

the constitutional challenge has been decided, MDAR intends to move forward with the rulemaking process.

(10)    Accordingly, the Parties request that the Court enter an order staying the Regulatory Stay Period and the proceedings in this case for an additional six months, or until 60 days after promulgation of final regulations, whichever is earlier. In either event, the Parties will file a proposal for future proceedings. The Defendants further agree not to enforce the Pork Sales Rules as to Transshipped Whole Pork Meat against any Plaintiff or non-party for any conduct that occurs during the extended Regulatory Stay Period.

(11)    Nothing in this joint motion shall be construed as an admission concerning the merits of this lawsuit with respect to the Pork Sale Rules applicable to Transshipped Whole Pork Meat.  The Parties reserve all claims and defenses.

WHEREFORE, the Parties jointly request that the Court order a further stay of proceedings in this action until the earlier of (i) six months after entry of an order extending the stay, or (ii) 60 days after the promulgation of final regulations, as proposed herein, by which time the Parties will file a proposal for future proceedings in the case.

**STIPULATED and AGREED this 10th day of November 2025.**

**ALL PLAINTIFFS,**

by their counsel,


 /s/ Robert M. Shaw
Jeremy M. Sternberg, BBO No. 556566
Robert M. Shaw, BBO No. 669664
HOLLAND & KNIGHT LLP
10 St. James Ave.
Boston, MA 02116
617-523-2700
*jeremy.sternberg@hklaw.com*
*robert.shaw@hklaw.com*

Charles E. Borden*
HOLLAND & KNIGHT LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
202-469-5461
*charles.borden@hklaw.com*
*Motion for admission *pro hac vice*
forthcoming.

**PLAINTIFF NATIONAL PORK PRODUCERS COUNCIL,**

by its counsel,


/s/ Michael C. Formica
Michael C. Formica*
NATIONAL PORK PRODUCERS COUNCIL
122 C Street, N.W. Suite 875
Washington, DC 20001
202-347-3600
*formicam@nppc.org*
*Motion for admission *pro hac vice*
forthcoming.

**DEFENDANTS ANDREA JOY CAMPBELL, in her Official Capacity as the Attorney General of Massachusetts, and**

**ASHLEY E. RANDLE, in her Official Capacity as Commissioner of the Massachusetts Department of Agricultural Resources,**

by their counsel,

*/s/ Maryanne Reynolds*
Maryanne Reynolds, BBO #627127
Assistant Attorney General
Office of the Attorney General
Government Bureau
10 Mechanic Street, Suite 301
Worcester, MA 01608
(774) 214-4407
*maryanne.reynolds@mass.gov*

Grace Gohlke, BBO #704218
Assistant Attorney General
Office of the Attorney General
Government Bureau
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2527
*grace.gohlke@mass.gov*

**SO ORDERED,**

_____
Hon. Margaret R. Guzman
United States District Judge

Date: _____

### CERTIFICATE OF SERVICE

I hereby certify that today, November 10, 2025, I caused a true copy of the foregoing to be served upon counsel for the Defendants by e-mail addressed to *maryanne.reynolds@mass.gov* and *grace.gohlke@mass.gov.*

*/s/ Robert M. Shaw*
Robert M. Shaw